UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CHARLES R. CAMPBELL, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 3:04-cv-0095-RLY-WGH | |
| ) | | |
| JERRY HARBSTRIET, in his capacity as ) | | |
| the Sheriff for the Daviess County Sheriff's ) | | |
| Department, STEVE STURGIS, ) | | |
| individually and in his capacity as a Deputy ) | | |
| for the Daviess County Sheriff's ) | | |
| Department, DOYLE M. CORNWELL, in ) | | |
| his capacity as the Sheriff for the Orange ) | | |
| County Sheriff's Department, ) | | |
| Defendants. ) | | |

**ENTRY ON THE MOTION FOR SUMMARY JUDGMENT FILED BY DOYLE M. CORNWELL, IN HIS CAPACITY AS THE SHERIFF OF ORANGE COUNTY and THE MOTION FOR PARTIAL SUMMARY JUDGMENT OF JERRY HARBSTRIET, IN HIS CAPACITY AS THE SHERIFF OF DAVIESS COUNTY AND STEVE STURGIS, INDIVIDUALLY**

On March 19, 2003, the plaintiff, Charles Campbell, was arrested and charged with one felony count of dealing in narcotic drugs, and was held in the Daviess County Jail. On April 24, 2003, Mr. Campbell was transferred to the Orange County Jail.

On May 1, 2003, Mr. Campbell was escorted to the Daviess County Courthouse in connection with the criminal proceedings by Daviess County Deputy Sheriff Steve Sturgis. While in the Daviess County Courthouse and in the custody of Deputy Sturgis, Mr. Campbell allegedly tripped on his shackles, and fell down the stairs in the

courthouse.

On May 24, 2004, Mr. Campbell filed suit in the Daviess Superior Court, alleging that Deputy Sturgis negligently caused his fall, and that Daviess County and Orange County were deliberately indifferent to his serious medical needs.  *See generally* Complaint.  On June 14, 2004, Defendants removed Plaintiff's case to federal court on grounds that his Complaint raised a federal question under 28 U.S.C. § 1331.

On April 11, 2005, Doyle M. Cornwell, in his capacity as the Sheriff of Orange County, filed a motion for summary judgment.  On that same date, Jerry Harbstriet, in his capacity as the Sheriff of Daviess County and Deputy Sturgis, in his individual capacity, filed a motion for partial summary judgment.  In these motions, the Defendants presented the following evidence.

1. On May 2, 2003, Mr. Campbell was transported from the Orange County Jail to a hospital where he was seen by an emergency room physician, Dr. Beachy.

2. After Mr. Campbell received an examination and an x-ray, Dr. Beachy diagnosed Mr. Campbell with multiple contusions and neuropathy of the right leg, and prescribed ibuprofen for pain.

3. On May 6, 2003, Mr. Campbell was seen by the Orange County Nurse, who referred him to jail physician Dr. Seal.

4. On May 8, 2003, Dr. Seal examined Mr. Campbell and prescribed Naproxen and Vicoden.

5. On May 18, 2003, while in the custody of the Daviess County Jail, Mr. Campbell

received a medrol dose pack for pain.

6. On May 23 and June 7, 2003, Mr. Campbell complained of pain and was given ibuprofen.

7. Two weeks later, because the pain was still present, Mr. Campbell was referred to Dr. Cullen, who was able to see him on July 3, 2003.

8. Because the pain did not subside, Mr. Campbell asked to see Dr. Cullen again. Consequently, on August 1, 2003, Dr. Cullen ordered an MRI.

9. The MRI results showed that Mr. Campbell suffered from mild degenerative disc disease.

10. Dr. Cullen ordered physical therapy.

11. Mr. Campbell was seen by a physical therapist on August 28, September 2, 4, 9, 11, and 16, 2003.

12. On September 20, 2003, Mr. Campbell requested to see an "orthopedic specialist." The Daviess County Jail staff set up an appointment with Dr. Cullen.

13. Following Mr. Campbell's October 6, 2003 appointment with Dr. Cullen, Mr. Campbell was eventually released from the Daviess County Jail.

Mr. Campbell did not file a response to Defendants' motions for partial summary judgment, even though he was given an extension of time to do so. Thus, there is no evidence in conflict with that provided by the Defendants.

Mr. Campbell brings a claim under 42 U.S.C. § 1983 alleging that the Defendants failed to administer proper medical care in violation of the Eighth Amendment.

> In an Eighth Amendment claim of inadequate medical care in a prison, a plaintiff must show that a responsible state official was deliberately indifferent to his or her serious medical condition. This standard erects two high hurdles, which every inmate-plaintiff must clear. First, a plaintiff must show that her condition was serious, an objective standard. A condition is serious if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, a plaintiff must show that a state official acted with the requisite culpable state of mind, deliberate indifference, a subjective standard. State officials are deliberately indifferent if they know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference.

*Dunigan v. Winnebago County*, 165 F.3d 587, 590-91 (7th Cir. 1999) (internal citations and quotations omitted).

A serious medical condition is one that is life threatening, imposes needless pain, or carries the potential to permanently disable the plaintiff. *Davis v. Jones*, 936 F.2d 971, 972-73 (7th Cir. 1991) ("[T]he Due Process Clause requires treatment only for serious wounds – those that may be life threatening or pose a risk of needless pain or lingering disability if not treated at once."). The evidence advanced by the Defendants reflects that Mr. Campbell did not suffer from a serious medical condition during his time at the Orange County Jail or the Daviess County Jail.

But even if Mr. Campbell did suffer from such a condition, the evidence reflects that the Defendants did not act with deliberate indifference toward his medical needs. Indeed, there is no evidence of indifference at all. For these reasons, the court **GRANTS** the Motion for Summary Judgment of Doyle M. Cornwell, in his capacity as the Sheriff of Orange County. The court also **GRANTS** the Motion for Partial Summary Judgment

of Jerry Harbstriet, in his capacity as the Sheriff of Daviess County and Steve Sturgis, Individually.

There appears to be state law claims remaining in this case against Deputy Sturgis in his official capacity for "recklessly requir[ing] [Plaintiff] to walk down the stairs while so shackled and handcuffed" and against Sheriff Harbstriet for negligent training and supervision. (Complaint ¶¶ 7, 11). Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if "the district court has dismissed all claims over which it has original jurisdiction." Since the court has dismissed the Plaintiff's federal claims, the court elects to **remand** Plaintiff's supplemental state law claims to the Daviess Superior Court.

**SO ORDERED** this  31st   day of August 2005.

                                                                        _____
                                                                        RICHARD L. YOUNG, JUDGE
                                                                        United States District Court
                                                                        Southern District of Indiana

Electronic Copies to:

Ronald William Frazier
FRAZIER & ASSOCIATES
ron@frazierlaw.net

Douglas Alan Hoffman
CARSON BOXBERGER
dah@carsonboxberger.com