UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CHARLES R. CAMPBELL,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | ) | 3:04-cv-0095-RLY-WGH |
| | ) | |
| JERRY HARBSTRIET, in his capacity as<br>the Sheriff for the Daviess County Sheriff's<br>Department, STEVE STURGIS,<br>individually and in his capacity as a Deputy<br>for the Daviess County Sheriff's<br>Department, DOYLE M. CORNWELL, in<br>his capacity as the Sheriff for the Orange<br>County Sheriff's Department,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**ORDER ON MOTION FOR SANCTIONS**

Defendants move for sanctions against the Plaintiff, Charles Campbell, and his attorney, Ronald W. Frazier, for their failure to appear at a settlement conference scheduled by Magistrate Judge Hussmann for August 10, 2005. For the reasons explained below, the court **GRANTS** Defendants' motion.

On July 7, 2005, the court issued a Notice and Order scheduling the settlement conference, which ordered the parties to appear in person with any necessary representatives. On August 4, 2005, the court sent a reminder e-mail to counsel of record, confirming the August 10, 2005 settlement conference. On that same day, Defendants' counsel, Douglas A. Hoffman, sent Mr. Frazier an e-mail inquiring about any matters that

1

should be discussed prior to the settlement conference.  Mr. Frazier did not respond to Mr. Hoffman's e-mail.  On August 10, 2005, Mr. Hoffman and his client representative, Ronald Hoffman, appeared in person for the settlement conference as mandated by Magistrate Judge Hussmann's Notice and Order.  (Mr. Hoffman resides in Bloomington, Indiana, and Mr. Ronald Hoffman resides in Edinburgh, Indiana.)  Mr. Frazier failed to appear.  Magistrate Judge Hussmann contracted Mr. Frazier by telephone in his Indianapolis office.  Mr. Frazier had no excuse for his absence.

By their motion, Defendants and their counsel, Mr. Hoffman, request that the court order Plaintiff and his counsel, Mr. Frazier, to compensate them for the attorney's fees and expenses which they incurred in attending the August 10, 2005 settlement conference.  Given these facts, the court finds the greater fault lies with Plaintiff's counsel, Mr. Frazier. The court therefore **GRANTS** Defendants' motion for sanctions as it relates to Mr. Frazier, but **DENIES** their request as it relates to Plaintiff.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion for Sanctions is **GRANTED** with respect to Mr. Frazier and **DENIED** with respect to Plaintiff, Charles R. Campbell.  Mr. Frazier is hereby **ORDERED** to pay Defendants the attorney's fees and expenses associated with Mr. Hoffman's and Mr. Ronald Hoffman's attendance at the August 10, 2005 settlement conference, in the amount of $ 2,294.96.

**SO ORDERED** this 22nd day of September 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Douglas A. Hoffman
Carson Boxberger
DAH@carsonboxberger.com

Ronald W. Frazier
Frazier and Associates
ron@frazierlaw.net

Copy to:

Charles R. Campbell
6908 South Old US Highway 31
P.O. Box 500
Carlisle, IN 47838